## R. M. BARNARD *versus* JAMES MARTIN.

In a conveyance of land, a general description of the premises conveyed may be restricted and restrained by a particular description.

THIS was a writ of entry, brought to recover a tract of land in Bath, in this county, and was tried here, upon the general issue, at May term, 1830.

It was agreed, that Samuel Austin was once seized of the demanded premises. The demandant claimed the land, under an extent, by virtue of an execution in his favor against Samuel Austin. In the return of the extent was the following clause :—"I caused a part of said gore to be set off to said Barnard, as herein particularly set down, said gore being part of the late home farm of said Austin."

The tenant claimed under a deed made by Austin previous to the said extent, by which he granted to the tenant a tract of land described as follows :—"my homestead farm in Bath, aforesaid, that I now live on, and improve, it being the same land conveyed to me and one John Martin, by one Caleb Bailey, by his deed of December 2d, 1816, and the said Martin's half of which he conveyed to me by his deed of December 19, 1825." The demanded premises were not parcel of the land described in the said deed of December 2d, 1816, but were conveyed by said Caleb Bailey, to said Samuel Austin, in the year 1818, or the year 1819, being a gore adjoining the

Barnard
*v.*
Martin.

land described in the deed of December 2d, 1816; and afterwards both parcels were used and occupied, by said Austin, together as one farm, until the conveyance to the tenant on the 5th February, 1827.

A verdict was taken, by consent, for the demandant, subject to the opinion of the court, upon the foregoing case.

*Goodall* and *Wood*, for the demandant.

*Bell*, for the tenant.

*By the court.* It is unnecessary to consider, in this case, whether the demanded premises would have passed to the tenant by Austin's deed, had it described the premises intended to be granted, simply as "my homestead farm in Bath, aforesaid, that I now live upon and improve;" because this is not the whole description, but it is added, "it being the same land conveyed to me and one John Martin, by one Caleb Bailey, by his deed of December 2d, 1816, and the said Martin's half of which he conveyed to me by deed of December 19, 1825," and we think we are not at liberty to say, that the demanded premises are parcel of the homestead farm intended to be conveyed, when the grantor, by a reference to the deed of 1816, and the deed of 1825, has expressly declared what he understood the homestead farm to be. The last clause in the description is restrictive. 5 East, 81; Cro. Car. 548; 5 N. H. Rep. 58; 3 Vesey, jun. 193.

Although the general description might, if it stood alone, be sufficient to pass the demanded premises, yet that description is so restrained by the particular description, that it cannot now have that operation.

*Judgment on the verdict.*